**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

LEEZA GARVIN, individually,
JENELL FARNSWORTH, individually and
on Behalf of All Others Similarly Situated,                CIVIL ACTION NO.

      Plaintiffs,                JURY TRIAL DEMANDED

vs.

RCI HOSPITALITY HOLDINGS, INC.,
MIAMI GARDENS SQUARE ONE, INC.
d/b/a TOOTSIE'S CABARET, and ERIC
LANGAN, individually,

      Defendants.
_____/

**PLAINTIFFS' CLASS/COLLECTIVE ACTION COMPLAINT**

**I.    SUMMARY**

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

1.      This case implicates an adult entertainment club which goes by the trade name of "Tootsie's Cabaret."  The entities and employers implicated are RCI Hospitality Holdings, Inc., Miami Gardens Square One, Inc. d/b/a Tootsie's Cabaret, and Eric Langan ("Defendants").

2.      Defendants have a longstanding policy of misclassifying their employees as independent contractors.

3.      Defendants required and/or permitted Plaintiffs LEEZA GARVIN and JENELL FARNSWORTH ("Plaintiffs") to work as exotic "entertainers" and/or dancers at their adult entertainment club in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and overtime rate.   In fact, Defendants refused to compensate Plaintiffs at all for the hours they worked.  Plaintiffs' only compensation was in the form of tips from club patrons.

4.      Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiffs, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

5.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees.  *See* 29 U.S.C. §§ 203, 206.

6.      Plaintiffs brings a collective action to recover the unpaid wages owed to them and all other similarly situated employees, current and former, of Defendants who worked at Tootsie's Cabaret, at any time during the three year period before this Complaint was filed up to the present ("Class Members").  These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

7.      Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former "entertainer" employees of the Defendants, pursuant to

2

Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## II.     SUBJECT MATTER JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

10.      This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiffs' Florida Minimum Wage Claims.

11.      Venue is proper in the Southern District of Florida because the events forming the basis of this suit occurred in this District, and Defendants' headquarters is located in this District. In particular, Defendants headquarters are located at 150 NW 183 Street, Suite 100, Miami Gardens, Florida 33169.  Also, Plaintiff worked at Defendants' club, located at 150 NW 183 Street, Suite 100, Miami Gardens, Florida 33169 over extended periods of time.

## III.     PARTIES AND PERSONAL JURISDICTION

12.      Plaintiff Leeza Garvin is an individual currently residing in Kings County, New York.  Garvin's written consent to this action is attached hereto as **EXHIBIT A**.

13.      Plaintiff Jenell Farnsworth is an individual currently residing in Broward County, Florida. Farnsworth's written consent to this action is attached hereto as **EXHIBIT B.**

14.     The Class Members are all of Defendants' current and former exotic entertainers who worked at Tootsie's Cabaret located in Miami, Florida at any time during the three years prior to the filing of this Complaint up to the present.

15.     Defendant RCI Hospitality Holdings, Inc. is a foreign corporation doing business in Miami for the purpose of accumulating monetary Profit. This Defendant may be served through its Registered Agent as follows: Corporate Creations Network Inc., 11380 Prosperity Farms Road, #221E, Palm Beach Gardens, Florida 33410.

16.     Miami Gardens Square One, Inc. d/b/a Tootsie's Cabaret is a domestic corporation doing business in Florida for the purpose of accumulating monetary profit. This Defendant may be served through its Registered Agent as follows: Corporate Creations Network Inc., 11380 Prosperity Farms Road, #221E, Palm Beach Gardens, Florida 33410.

17.     Defendant Ybor Operations, L.C. d/b/a Scarlett's of Ybor Strip is a domestic limited company doing business in Florida for the purpose of accumulating monetary profit. This Defendant may be served through its Registered Agent as follows: Hugh McNew, 707 NE 195th St., N Miami Beach, FL 33179.

18.     Defendant Eric Langan is an individual residing in Texas.  Said Defendant may be served with process at his personal residence: 10959 Cutten Road, Houston, TX 77066.  This Court has personal jurisdiction over this Defendant because he is an Officer and Director of RCI Hospitality Holdings, Inc. and Miami Gardens Square One, Inc. d/b/a Tootsie's Cabaret, and had sufficient contacts with the Southern District of Florida both individually and as an Officer of Defendants at all times relevant hereto.

## IV.    FLSA COVERAGE

19.     In an FLSA case, the following elements must be met. "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

## EMPLOYMENT RELATIONSHIP

20.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

21.     Here, Defendants had the power to hire and fire Plaintiffs.  Defendants hold an audition for entertainers looking to be hired at the club.  Defendants ask that the entertainers "bring proper dancing attire" to the auditions or submit a picture if applying online.

22.     Defendants controlled Plaintiffs' work schedule.  Defendants scheduled Plaintiffs and other entertainers to certain shifts.

23.     Defendants required Plaintiffs and other entertainers to work a certain number of days during the week.

24.     Defendants provided training, if needed, through an orientation program that taught the entertainers what they needed to know in order to work at Tootsie's Cabaret.

25.     Defendants required Plaintiffs and other dancers to wear certain clothing on certain days of the week.

26.     Defendants required Plaintiffs and other dancers to sell certain promotional items including items such as t-shirts bearing the Defendants' logo.

27.     Defendants determined the rate and the method of payment of all dancers including Plaintiffs.  Defendants set the price for their customers to pay dancers for side table dances and lap dances.  Similarly, Defendants set a price for their customers to pay entertainers for champagne room dances.

28.     Defendants required Plaintiffs and all other entertainers to pay "house fees" depending on the day and shift the dancer was working.  Plaintiff and all other entertainers had to tip out certain employees at the end of their shift including but not limited to the DJ, the House Mom, wait staff, floor men, valet, security, and managers.

29.     Entertainers are an integral part of Defendants' strip clubs.

30.     Plaintiffs' and all other entertainers' job duties consisted of dancing in designated areas and performing dances for Defendants' customers at the club.  These job duties require little to no skill. [1]

31.     Defendants maintained some records regarding the time Plaintiffs and all other entertainers arrived and left the club.

32.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

_____

[1] *See, Freund v. Hi-Tech Satellite, Inc.,* 185 Fed. Appx. 782, 783 (11th Cir. 2006) ([C]ourts must determine whether, as a matter of economic realit[y], an individual is an employee or an independent contractor in business for himself. Several factors guide this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.") (internal citations omitted); *see also*, *Clincy v. Galardi S. Enterprises, Inc.,* 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (applying economic reality test and finding exotic dancers were employees not independent contractors).

33.     Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

34.     The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation.  *See id*.; *Reich v. Circle C. Investments, Inc*., 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 971-72 (5th Cir. 1984).

35.     Defendant Eric Langan is the President and Director of RCI Hospitality Holdings, Inc.

36.     Defendant Eric Langan is the President and Director of Miami Gardens Square One, Inc.

37.     Defendant Eric Langan is involved in the day-to-day business operation of Tootsie's Cabaret.

38.     Defendant Eric Langan has responsibility for the supervision of the entertainers at Tootsie's Cabaret.

39.     Defendant Eric Langan is responsible for the compensation or lack thereof paid to entertainers at Tootsie's Cabaret.

40.     Defendant Eric Langan has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

41.     Additionally, Defendant Eric Langan was responsible for the day-to-day affairs of the club. In particular, he was responsible for determining whether the club complied with the Fair Labor Standards Act.

42.     As such, Defendant Eric Langan is the employer of the Plaintiffs and Class Members within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

## ENTERPRISE AND INDIVIDUAL COVERAGE

43.     "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)).   "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)).   "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.*  (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

44.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

45.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

8

46.      Specifically, Defendants' employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendants' patrons.  Additionally, Defendants' employees, including Plaintiffs, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

47.      Defendants advertise on the internet, own clubs in multiple states which they advertise together on their website, process credit cards from out of state patrons, communicate via mail, email, and telephone with their clubs outside of the state of Florida, and sell their merchandise across state lines.

48.      Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

49.      At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

**WAGE VIOLATIONS**

50.      Defendants misclassify Plaintiffs and all other entertainers as independent contractors.

51.      Defendants failed to pay Plaintiffs and all other entertainers they hire any compensation whatsoever.

52.      The money Plaintiffs received directly from Defendants' customers are tips.

53.      Defendants siphoned Plaintiffs' and all other entertainers' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

## V.      FACTS

54.      Plaintiffs and Class Members have all been victimized by Defendants' common

policy and plan to violate their rights under the FLSA by denying them minimum wage, proper overtime, and the tips they lawfully earned.

55.     Defendants operate an adult entertainment club located at 150 NW 183rd Street, Miami Gardens, Florida.

56.     Defendants employ exotic entertainers at Tootsie's Cabaret located at 150 NW 183rd Street, Miami Gardens, Florida.

57.     Plaintiff Leeza Garvin is a former exotic entertainer at Defendants' adult entertainment club: Tootsie's Cabaret.

58.     Plaintiff worked on a regular basis for Defendants' club.

59.     From approximately November of 2012 until approximately October 2013, Plaintiff Leeza Garvin danced at Tootsie's Cabaret in Miami, Florida.

60.     Therefore, Plaintiff Leeza Garvin has first-hand personal knowledge of the pay violations at Tootsie's.

61.     Plaintiff Jenell Farnsworth is a former exotic entertainer at Defendants' adult entertainment club: Tootsie's Cabaret.

62.     Plaintiff worked on a regular basis for Defendants' club.

63.     From approximately September of 2011 until approximately October 2014, Plaintiff Jenell Farnsworth danced at Tootsie's Cabaret in Miami, Florida.

64.     Therefore, Plaintiff Jenell Farnsworth has first-hand personal knowledge of the pay violations at Tootsie's Cabaret.

65.     The exotic entertainers are compensated exclusively through tips from Defendants' customers.

66.     Defendants did not pay the entertainers compensation for any hours worked at

their establishment.

67.     Defendants charged the entertainers certain fees per shift worked.

68.     Defendants charged the entertainers a "house fee" depending on the time they arrive to work.

69.     Defendants also required the entertainers to share their tips with employees who do not customarily and regularly receive tips, including the disc jockeys and the managers.

70.     Defendants illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendants as that term is defined by the FLSA and relevant case law.

71.     Defendants hired, fired and supervised the entertainers.  Defendants also set the schedule for the entertainers. Defendants controlled the details of the entertainers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

72.     Defendants also controlled the entertainers' appearances with respect to their attire and makeup.

73.     Defendants disciplined the entertainers for not following club rules.

74.     Defendants tracked the time and days the entertainers worked just as is common for typical employer-employee relationships.

75.     In addition, Defendants instructed the entertainers about when, where, and how the entertainers were to perform their work.

76.     The following further facts demonstrate the entertainers' status as employees:

        a)      Defendants had the sole right to hire and fire the entertainers;

        b)      Defendants require dancers to complete an employee application as a

prerequisite to their employment;

    c)       Defendants made the decision not to pay overtime;

    d)       Defendants made the decision not to compensate at the FLSA minimum wage rate;

    e)       Defendants provided the entertainers with music equipment and a performing stage;

    f)       Defendants controlled the entertainers' music;

    g)       The dancers have made no financial investment with Defendants' business;

    h)       The dancers were hired as permanent employees and have worked for Defendants for years;

    i)       Defendants supervised the entertainers; and

    j)       Defendants scheduled entertainers and as such had sole control over their opportunity for profit.

77. Defendants misclassified Plaintiffs and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA.

78. Plaintiffs and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA.

79. Although Plaintiffs and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

80.     Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiffs with the intent to avoid paying them in accordance to the FLSA.

81.     Defendants have been in the exotic dancing industry for years and are familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

82.     Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

83.     All Defendants have a common business purpose of for profit adult entertainment.

84.     The individually named Defendant keeps employment records for Tootsie's Cabaret.

85.     The individually named Defendant has ultimate authority regarding hiring and firing employees at Tootsie's Cabaret.

86.     The individually named Defendant created and implemented companywide policy of misclassifying exotic entertainers as independent contractors at Tootsie's Cabaret, and all other strip clubs operated by Defendant, RCI Hospitality Holdings, Inc., including Rick's Cabaret, Vivid Cabaret, Club Onyx, Jaguars Club, XTC Cabaret, and Bombshells.

87.     Defendants operate a strip club under the assumed name "Tootsie's Cabaret." Indeed, they advertise themselves as such on their website.

## VI.    COUNT ONE: VIOLATION OF 29 U.S.C. § 207

88.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

89.    Defendants' practice of failing to pay Plaintiffs and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

90.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs.

## VII.    COUNT TWO: VIOLATION OF 29 U.S.C. § 206

91.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

92.    Defendants' practice of failing to pay Plaintiffs and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  In fact, Defendants do not compensate the exotic entertainers whatsoever for any hours worked.

93.    None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

94.    Defendants failed to keep adequate records of Plaintiffs' and Class Members' work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

95.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a)    The time of day and day of week on which the employees' work week begins;

    b)    The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)      An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)      The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)      The hours worked each workday and total hours worked each workweek;

f)      The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g)      The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i)      The dates, amounts, and nature of the items which make up the total additions and deductions;

j)      The total wages paid each pay period; and

k)      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

96.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a

matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.¸* 328 U.S. 680, 687 (1946).

## VIII.   COUNT THREE: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

97.     Plaintiffs, and those similarly situated employees, are/were entitled to be paid  at least the Florida minimum wage for each hour/week worked during employment with Defendants.

98.     Specifically, Plaintiffs, and those similarly situated employees, were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

99.     Defendants willfully failed to pay Plaintiffs, and those similarly situated employees, minimum wages for one or more weeks during Plaintiffs" employment contrary to Article X, Section 24 of the Florida Constitution.

100.     Although such prerequisites are unconstitutional, Plaintiffs have complied with all statutory prerequisites to bringing his claim pursuant to Article X, Section 24 of the Florida Constitution.

101.     Specifically, on September 16, 2016, Plaintiffs served Defendants with a Notice pursuant to Fla. Stats. § 448.110, on behalf of themselves, and those similarly situated to Plaintiffs. Copies of Plaintiffs' Notice Letters are attached hereto as **EXHIBIT C**.

102.     More than 15 days have elapsed since Plaintiffs' service of their Notice on Defendants, and Defendants have failed to make payment to Plaintiffs.

103.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

104.     Plaintiffs are entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

105.     Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## IX.     COLLECTIVE ACTION ALLEGATIONS

106.      As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

107.     Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

108.      Class Members perform or have performed the same or similar work as Plaintiffs. In particular, Plaintiffs and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

109.     Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

110.     Defendants have classified and continue to classify Class Members as independent contractors.

111.      Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

112.     As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

113.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

114.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of Class Members.

115.     The experiences of Plaintiffs, with respect to their job duties, are typical of the experiences of Class Members.

116.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

117.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

118.     All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

119.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

120.     The Plaintiffs and the Class Members held the same job title: Dancers and/or Entertainers.

121.    The Defendants have classified all of its entertainers as independent contractors from at least September 2013 to present.

122.    The individually named Defendant instituted, permitted, and/or required the policy and practice of classifying all exotic entertainers at Tootsie's Cabaret as independent contractors.

123.    The individually named Defendant instituted, permitted, and/or required the policy and practice of charging all exotic entertainers at Tootsie's a house fee.

124.    The individually named Defendant instituted, created, and/or permitted the policy and practice of requiring all dancers and/or exotic entertainers at Tootsie's to tip out staff including the DJ.

125.    As such, the class of similarly situated Plaintiffs is properly defined as follows:

**The Class Members are all of Defendants' current and former exotic entertainers who worked at Tootsie's Cabaret at any time during the three years before this Complaint was filed up to the present.**

## X.    CLASS ACTION ALLEGATIONS

126.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

127.    Plaintiffs bring their Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants at any time since September 2013, to the entry of judgment in this case (the "Class Period"), who were "entertainer" employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class").

128.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which

the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 100 and 500 members of the Class during the Class Period.

129.   The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

130.   The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

131.   Specifically, Defendants illegally misclassified all of their exotic entertainer employees, including Plaintiffs as independent contractors and failed to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

132.   Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiffs applied and continues to apply to all class members.  Accordingly, the class members are properly defined as:

> **All of Defendants' current and former exotic entertainers who worked at Tootsie's Cabaret at any time during the five (5) years before this Complaint was filed up to the present.**

133.   Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

134.   Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

135.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

        a)     whether the Defendants employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

        b)     whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

        c)     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

        d)     whether Defendants misclassified their exotic entertainer employees as independent contractors;

        e)     whether Defendants failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one of more workweeks;

        f)     whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

        g)     whether the Defendants should  be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

## XI.     DAMAGES SOUGHT

136.      Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

137.     Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

138.     Plaintiffs and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken.  Without

repayment of such fees, Plaintiffs and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

139.    Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages.  29 U.S.C. § 216(b).

140.    Plaintiffs and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

141.    Plaintiffs and Class Members hereby demand trial by jury.

## PRAYER

142.    For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a)    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c)    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d)      Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e)      All unpaid wages at the FLSA mandated minimum wage rate;

f)      All unpaid wage at the Florida mandated minimum wage rate;

g)      All misappropriated tips;

h)      All misappropriated funds that were labeled as fees or otherwise;

i)      An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

j)      An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

k)      Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

l)      Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Dated: December 16, 2016

                                      Respectfully submitted,

                                      */s/ Andrew Frisch*
Andrew R. Frisch, Esquire
FL Bar No. 27777
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Tel: (954) 318-0268
Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com