## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 16-25221-CIV-GAYLES

LEEZA GARVIN, et al.,

      Plaintiff,

v.

RCI HOSPITALITY HOLDINGS, INC., et al.,

      Defendants.

_____/

## ORDER

    This cause came before the Court on Defendants' Motions to Dismiss and Compel Arbitration Pursuant to the Federal Arbitration Act and Pursuant to FRCP 12(b)(1) and (6), and to Stay Discovery Pending Determination of the Motions [ECF No. 19].  The Court has reviewed the Motion and the record and is otherwise fully advised.  For the reasons that follow, the Court dismisses this action, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

    Defendants RCI Hospitality Holdings, Inc. ("RCI"), Miami Gardens Square One, Inc. d/b/a Toostie's Cabaret ("Miami Gardens Square One"), and Eric Langan ("Langan") (collectively the "Defendants") operate an adult entertainment club known as Tootsie's Cabaret in Miami, Florida ("Tootsies").  Plaintiffs Leeza Garvin ("Garvin") and Jenell Farnsworth ("Farnsworth") (collectively "Plaintiffs") were exotic dancers at Tootsies.  In order to perform at Tootsies, Plaintiffs each signed a License Agreement, and, in 2013, an Amended License Agreement, with Miami Gardens Square One.  Each of the License Agreements states that the parties are not in an employee/employer relationship and includes mandatory arbitration provisions and class/collective action waivers.[1]

---

1    In 2013, Defendants modified the Arbitration provision expanding the scope from "any disputes under this

On January 3, 2017, Plaintiffs filed their Amended Class/Collective Action Complaint alleging that Defendants misclassified them as licensees instead of employees. Plaintiffs contend that, as a result of this misclassification, Defendants failed to pay them minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 206, 207.[2] Plaintiffs also allege a claim under Article X, Section 24, of the Florida Constitution for failure to pay minimum wages.

On February 9, 2017, Defendants moved to dismiss Plaintiffs' claims and/or to compel arbitration. In addition to arguing that Plaintiffs' License Agreements mandate that any claims proceed in individual arbitration, Defendants argued, in part, that Plaintiffs' FLSA claims were time barred. Shortly thereafter, on February 22, 2017, Plaintiffs voluntarily dismissed their FLSA claims, leaving only their Florida claim for unpaid minimum wages.

<u>Jurisdictional Allegations</u>

Plaintiffs initially alleged that this Court had both supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, and original jurisdiction, pursuant to the Class Action Fairness Act ("CAFA"), over Plaintiffs' Florida claim. Now that Plaintiffs have dismissed their FLSA claim, §1367 no longer provides a basis for supplemental jurisdiction and the Court must ascertain whether it has original jurisdiction over Plaintiffs' purely state law claim under CAFA.

---

Agreement . . ." to "any disputes under this Agreement **or otherwise arising out of your use of the Premises involving Licensor or its parents, subsidiaries and/or affiliates . . . "**[ECF No. 22-3, pg. 6]. While the amended scope of the Agreements might be significant in subsequent rulings, it is not relevant to the Court's inquiry into subject matter jurisdiction.

2       Plaintiffs first filed their claims against Defendants on September 16, 2016, in an action styled *Leeza Garvin, et al. v. RCI Hospitality, et al.*, Case No. 16-CV-23995-CMA (S.D. Fla. Sept. 16, 2016). On September 27, 2016, Plaintiffs voluntarily dismissed that action, without prejudice, "in order to permit them to pursue their claims in arbitration per §4 of the Federal Arbitration Act, 9 U.S.C. § 4." Plaintiffs prior voluntary dismissal and later refiling of this action forms one of the bases for Defendants' Motion for Sanctions.

**DISCUSSION**

CAFA provides for federal jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, at least one member of the class and one defendant are from different states, and the class exceeds 100 members.  28 U.S.C. § 1332(d).  In their Amended Complaint, Plaintiffs allege that (1) the class is between 100 and 500 members; (2) the amount is controversy exceeds $5,000,000; and (3) there is diversity between at least one Plantiff and/or member of the class and Defendants.   However, Plaintiffs only allege the residence of Garvin (New York) and Farnsworth (Florida).  "It is well settled law that '[a]n allegation of residence is insufficient to establish diversity jurisdiction.  The plaintiff must allege citizenship.'"  *Handforth v. Stenotype Institute of Jacksonville, Inc.*, No. 3:09-cv-361-J-32MCR, 2010 WL 55578, at 3 (M.D. Fla. Jan. 4, 2010) (quoting *Kerney v. Fort Griffin Fandangle Ass'n, Inc.*, 624 F.2d 717, 719 (5th Cir. 1980)); s*ee also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").   Based on the allegations in the Amended Complaint, the Court cannot ascertain whether there is diversity of citizenship between at least one member of the class and at least one of the Defendants.  Accordingly, the Court must dismiss this action, without prejudice, for lack of subject matter jurisdiction.  *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

The Court notes that even if Plaintiffs adequately plead subject matter jurisdiction under CAFA, it might still be required to decline to exercise jurisdiction over Plaintiffs' claims due to CAFA's local controversy and/or home state exceptions.

CAFA's local controversy exception provides:

(4) A district court shall decline to exercise jurisdiction under paragraph (2) --

    (A)(i) over a class action in which –

        (I)      greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

        (II)     at least 1 defendant is a defendant-

            (aa)     from whom significant relief is sought by members of the plaintiff class;

            (bb)     whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

            (cc)     who is a citizen of the State in which the action was originally filed; and

        (III)   principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d).  Tootsies, the location where Plaintiffs contend they worked but were not properly compensated, is in Miami Gardens, Florida.  It is likely that more than two-thirds of the class members, dancers at Tootsies, are citizens of Florida.  In addition, Plaintiffs allege that RCI and Miami Gardens Square One each do business in Miami, Florida.  The Amended Complaint is not clear as to the citizenship of those Defendants.  If one of the Defendants is a Florida citizen, it is likely that the local controversy exception would apply, thus requiring the Court to decline to

exercise jurisdiction. *See Hunter v. City of Montgomery Alabama*, 859 F.3d 1329, 1335 (11th Cir. 2017) ("The district court may not, however, exercise the CAFA jurisdiction it has if either the local controversy exception or the home state exception applies.").

The home state exception might also require the Court to decline to exercise jurisdiction over this action.  It applies if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  Based on the allegations in the Amended Complaint, it would appear that most, if not all, of the class members are Florida citizens.  Further, if the primary defendant– likely Miami Gardens Square One d/b/a Tootsie's Cabaret – is a Florida citizen, then the home state exception would apply.

The Court will address the local controversy and home-state exceptions if and when Plaintiffs file an amended complaint which adequately alleges subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions to Dismiss and Compel Arbitration Pursuant to the Federal Arbitration Act and Pursuant to FRCP 12(b)(1) and (6), and to Stay Discovery Pending Determination of the Motions [ECF No. 19] are GRANTED in PART.

2. Plaintiffs shall file an Amended Complaint within fourteen (14) days of the date of this Order.

3. In the event the Court finds that it has subject matter jurisdiction over Plaintiffs' state law claim, the Court reserves ruling on whether this matter must proceed in arbitration.  Defendants do not need to file additional briefing on issues related to the scope and

enforceability of the arbitration provision and may incorporate their prior arguments into a brief response – raising any new defenses – to Plaintiffs' Second Amended Complaint.

4. This matter is set for a hearing on **Wednesday, November 15, 2017, at 10:30 a.m.**  The Court will hearing argument on the issues raised in Defendants' Motion to Dismiss and Compel Arbitration and in Defendants' Motion for Sanctions, including:

   a. Whether the Court has, and should exercise, subject matter jurisdiction over Plaintiffs' remaining claims;

   b. Whether the parties' agreements require an arbitrator, as opposed to the Court, to determine whether the arbitration encompasses Plaintiffs' claims;

   c. If the Court decides arbitrability, whether the parties' agreement mandates arbitration of their wage claims;

   d. Whether the Court should refrain from ruling on the enforceability of the arbitration provisions' class action waivers until the Supreme Court issues its ruling in *Epic Systems Corp. v. Lewis*, 137 S. Ct. 809 (Mem.) (2017); and

   e. Whether Plaintiffs should be subject to sanctions based on

      i. Plaintiffs' refiling of this matter after previously dismissing the same claims to proceed in arbitration, and

      ii. Plaintiffs' filing FLSA claims despite knowing those claims were time-barred.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of October, 2017   .

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE